

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2004

# Teamsters Local 628 v. NLRB

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2428

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Teamsters Local 628 v. NLRB" (2004). *2004 Decisions.* Paper 1055.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1055

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2428

TEAMSTERS LOCAL 628, INTERNATIONAL
BROTHERHOOD OF TEAMSTERS, AFL-CIO,
Petitioner

v.

NATIONAL LABOR RELATIONS BOARD,
Respondent

Petition for Review of a Final Order
of the National Labor Relations Board
(NLRB Cases 4-CA-27669, 4-CA-27913 and 4-CB-08242)

Submitted Under Third Circuit LAR 34.1(a)
January 16, 2004

Before: SLOVITER, RENDELL and ALDISERT, Circuit Judges.

(Filed: January 30, 2004 )

OPINION OF THE COURT

RENDELL, Circuit Judge.

Before us is a petition for review of a final order of the National Labor Relations

Board ("NLRB") denying a union's request for review of a compliance determination in

connection with the resolution of an unfair labor practice proceeding. As we write for

the parties, and they are all too aware of the proceedings to date, we will not recount the underlying facts except as necessary to our ruling. The NLRB had jurisdiction over the underlying unfair labor practice proceeding pursuant to 29 U.S.C. §§ 151 and 160(a). We have jurisdiction to review a final order of the NLRB under 29 U.S.C. § 160(f). In reviewing such an order, we review factual findings to determine whether they are supported by substantial evidence, and we review legal conclusions de novo. 29 U.S.C. § 160(f); NLRB v. Konig, 79 F.3d 354, 357 (3d Cir. 1996). For the reasons that follow, we will affirm.

In December of 1999, an administrative law judge ("ALJ") determined that Alliant Foodservice Inc. ("Alliant") and Local 1222 of the United Service Employees Union ("Local 1222") had violated certain sections of the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151-159, when Alliant made Local 1222 its employees' exclusive bargaining representative, notwithstanding the fact that the employees who voted for the union had also signed authorization cards for Teamsters Local 628 ("Teamsters").

Alliant and Local 1222 had entered into a contract providing employees with a union-sponsored health care plan that eliminated the need for employees to pay any premiums or co-payments. In the order requiring the parties to disavow their collective bargaining relationship, the ALJ specifically provided that "nothing in this order shall authorize or require the withdrawal or elimination of any . . . benefits or terms and

2

conditions of employment that may have been established pursuant to the performance of the above contract."

Following this determination, and in an effort to comply with the ALJ's order, Alliant ended its participation in the union-sponsored health care plan and established one under which employees were required to pay a portion of the premiums. Teamsters then filed an unfair labor practices charge against Alliant, contending that Alliant had violated the ALJ's order by instituting its own health care plan that required the employees to contribute funds.

Thereafter, based upon conversations with the NLRB's regional office, Teamsters decided to remove that charge when it filed an amended unfair labor practice charge against Alliant. The Regional Director for Region Four subsequently issued a complaint that contained no allegations with respect to the issue of health insurance premiums.

In August of 2001, the NLRB issued an opinion in which it determined that Alliant had violated certain sections of the NLRA by recognizing Local 1222, and by entering into the collective bargaining agreement with it, at a time when it did not represent a majority of Alliant's employees. The NLRB ordered Alliant and Local 1222 to disavow their collective bargaining relationship. Further, the NLRB stated that with respect to any benefits that may have been established pursuant to the performance of the above contract, the NLRB did not "require the withdrawal or elimination" of such benefits. The order did not contain the stronger language used by the ALJ, namely, that the company

3

and Alliant could not "<u>authorize</u> or require the withdrawal or elimination" of such benefits.

Teamsters comes before us petitioning for review of the NLRB's final order, which followed a further set of proceedings concerning compliance with the August 2001 order. It complains of Region Four's failure to issue a complaint regarding the withdrawal of benefits secured by the contract negotiated between Alliant and Local 1222, noting that it is the "failure of these parties to honestly and candidly address this fact" that culminated in the NLRB's April 1, 2003 order, the final order in this matter.

It is apparent to us that the reason the issue urged by Teamsters was not presented to the NLRB as the basis for an unfair labor practice charge was that Teamsters, when it filed the amended unfair labor practice charge in November of 2000, deleted the charge, effectively withdrawing it. Thus, Teamsters is either contending that Region Four should have, on its own, presented such a charge, or that the NLRB, *sua sponte*, should have included provisions of the ALJ's order dealing with this issue as part of its own order. We conclude that neither of these approaches will succeed.

As to the first approach, the exercise by the Regional Director of prosecutorial discretion is just that: discretion, conferred by statute, to bring a charge. 29 U.S.C. § 160(b). We have no authority to disturb or countermand the exercise, or non-exercise, of that discretion. <u>Newspaper Guild, Erie Newspaper Guild, Local 187 v. NLRB</u>, 489 F.2d 416, 426 (3d Cir. 1973) (holding that federal courts are "without power to interfere" with

4

the General Counsel's decision not to issue a complaint or not to include a particular charge in a complaint). The second possible way of framing the issue is similarly unavailing because, if the charge was not presented to the NLRB for its consideration, it did not have any obligation or duty to consider it or to include this provision in its ultimate ruling. To the extent that the petitioner seeks a review of the NLRB's order based upon this alleged defect, we find that petitioner effectively waived any argument regarding this issue by not raising it until now. 29 U.S.C. § 160(e) ("No objection that has not been urged before the Board . . . shall be considered by the court . . . ."); see Woelke & Ramiro Framing, Inc. v. NLRB, 456 U.S. 645, 666 (1982) (stating that a party's failure to petition the board for reconsideration of an issue "prevents consideration of the question by the courts"). As we see it, Teamsters is not actually challenging the order, but rather is complaining about its own failure to preserve this issue.

Accordingly, the petition for review will be DENIED.

_____

TO THE CLERK OF COURT:

Please file the foregoing opinion.

 /s/ Marjorie O. Rendell
Circuit Judge

5